# United States District Court
## District of Wyoming

**Request for Modifying the Conditions or Term of Supervision with Consent of the Offender**

| | | | |
|---|---|---|---|
| Name of Offender: | Eduard Florea | Case No.: | 24-CR-00048-SWS |
| Sentencing Judicial Officer: | Honorable Eric R. Komitee (Eastern District of New York) | | |
| Date of Original Sentence: | December 16, 2021 | | |
| Original Offense: | Count I:  Transmission of Threats to Injure<br>Count II: Felon in Possession of Ammunition | | |
| Original Sentence: | 33 months' custody as to Count I and 18 months custody as to Count II, to run concurrent followed by 2 years' supervised release | | |
| Type of Supervision: | Supervised Release | | |
| Date Supervision Commenced: | February 17, 2023 | | |
| Transfer of Jurisdiction: | May 9, 2023; From Eastern District of New York to Southern District of New York | | |
| Date Supervision Modified: | July 17, 2023; Approved for telephonic communication with wife for purposes of co-parenting and logistics related to their two children. | | |
| Transfer of Jurisdiction: | April 5, 2024; From Southern District of New York to District of Wyoming | | |
| Assistant U.S. Attorney: | Francisco J. Navarro | | |
| Defense Attorney: | Mia Eisner-Grynberg | | |

**Petitioning the Court**

☐ To extend the term of supervision        years,     for a total of        years.
☒ To modify the conditions of supervision as follows:

The defendant shall reside at a Residential Re-Entry Center (RRC) until February 16, 2025, as a public law placement.  The defendant shall comply with the rules of the program and follow all staff directives.  He shall report to the RRC to begin his term of residency as directed by the United States Probation Officer and shall not cause himself to be unsuccessfully terminated from the program.

**Cause**

On July 22, 2024, during an an unannounced home visit at the defendant's residence, an unknown female answered the door who was later identified as the defendant's estranged wife, Joni.  Due to the defendant's violent history of violence towards Joni, he was ordered to refrain from all contact with her at the time of sentencing.  In July 2023, his conditions were modified allowing him to have only monitored telephonic communication with her for co-parenting purposes only.  The defendant reported Joni was only in town from New York to visit their children, but did not have a return flight home.  He insisted he was unaware of any in-person contact restrictions with Joni.  He was required to provide this officer with a flight itinerary for Joni to return home to New York as soon as possible, which he provided on a later date.

On November 22, 2024, this officer had telephonic communication with a collateral contact source in reference to the defendant.  Specific details of the conversation suggested Joni was residing with the defendant and their two children in Gillette, Wyoming.  This officer conducted a public record investigation on Joni and located a valid Wyoming driver's license which listed the defendant's physical address.  The issue date of the driver's license was February 2024, which coincides with the dates in which the defendant moved from New York to Wyoming.

On December 17, 2024, a search was conducted of the defendant's residence.  Items belonging to an adult female such as clothing, bathroom products, toiletries and a cellphone with a feminine case on it were located in the defendant's bedroom.  When confronted with Joni's Wyoming driver's license information, place of residency and female belongings located in his bedroom, the defendant reluctantly admitted Joni had, in fact, been residing with him since he moved to Wyoming in February 2024.  According to the defendant, their initial plan was to reside with one another for only a few months until Joni could obtain employment and secure her own residence, however, after the defendant lost his job in May 2024, this plan fell through.  The defendant further claimed Joni had gone back to New York in July as instructed by this officer, but after a few short weeks she returned and continued to reside with the defendant and their children.

Eduard Florea

The defendant acknowledged the great lengths he went to in order to keep Joni's presence hidden from this officer and further acknowledged he was in violation of his special condition prohibiting in-person contact. The defendant's term of supervised release is scheduled to expire on February 16, 2025, and as it currently stands he is unemployed and either he or Joni have been directed to move out of their shared residence immediately. Due to his current circumstances, the defendant willingly agreed to spend the remainder of his time on supervision in an RRC as public law, and on December 18, 2024, he signed a waiver agreeing to this modification.

I declare under penalty of perjury that the foregoing is true and correct.

_Aundrea Traylor_ — 12/19/24
Aundrea Traylor
U.S. Probation Officer

Approved by: _Angie Miller_
Angie Miller
Supervisory U.S. Probation Officer

**THE COURT ORDERS:**

☐ No Action
☐ The extension of supervision as noted above.
☒ The modification of conditions as noted above.
☐ Other

_Scott W. Skavdahl_
Scott W. Skavdahl
Chief U.S. District Judge

Date

PROB 49
Modified 01/2002

UNITED STATES DISTRICT COURT
for
DISTRICT OF WYOMING

**Waiver of Hearing to Modify Conditions of Supervised Release**

    I have been advised by the U.S. Probation Officer that I am entitled to consult with counsel prior to signing this form, agreeing to waiver of a hearing to modify the terms and conditions of my Supervised Release as set forth below.   If I cannot afford counsel, I understand the Federal Public Defender's Office may be appointed for the limited purpose of advising me on this matter.

    I have also been advised by the United States Probation Officer and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release or my period of supervision being extended.   By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.   I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to me if I am not able to retain counsel of my own choosing.

    I understand that should the Court concur with the action, I must abide by all the conditions previously imposed during the period of Supervised Release.

    I hereby voluntarily waive my statutory right to a hearing and to consultation with and/or assistance of counsel.   I also agree to the following modifications of my Conditions of Supervised Release:

**The defendant shall reside at a Residential Re-Entry Center (RRC) until February 16, 2025, as a public law placement.   The defendant shall comply with the rules of the program and follow all staff directives.   He shall report to the RRC to begin his term of residency as directed by the United States Probation Officer and shall not cause himself to be unsuccessfully terminated from the program.**

    I have read or have had the above read to me and I fully understand it.   Having been advised of my rights, I freely and voluntarily give full consent to this proposed action.

Signed: _____          12/18/2024
Eduard Florea                                                              Date
Defendant

Witness: _____          12/18/24
Aundrea N. Traylor                                                     Date
U.S. Probation Officer